**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2022 MSPB 38**

Docket No. NY-4324-15-0127-A-1

**John Doe,**

**Appellant,**

**v.**

**Department of State,**

**Agency.**

November 29, 2022

Brian J. Lawler, Esquire, San Diego, California, for the appellant.

Marianne Perciaccante, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## OPINION AND ORDER

¶1      The appellant has filed a petition for review of the addendum initial decision, which awarded him $49,385 in attorney fees. For the reasons discussed below, we DENY the petition for review and AFFIRM the addendum initial decision.

## BACKGROUND

¶2      The appellant filed an appeal under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA), asserting that the agency failed to afford him differential pay during a period in which he was absent from his position due to

active military duty. *Doe v. Department of State*, MSPB Docket No. NY-4324-15-0127-I-1, Initial Appeal File (IAF), Tab 1 at 8-11.[1] Throughout the proceedings, the appellant was represented by an attorney who practices in San Diego, California. *Id.* at 6; *Doe v. Department of State*, MSPB Docket No. NY-4324-15-0127-A-1, Attorney Fees File (AFF), Tab 1 at 23, 26-27. The attorney-client agreement between the appellant and his attorney does not reflect an hourly rate. AFF, Tab 1 at 29-31. Instead, the agreement states that the attorney was entitled to one-third of any recovery made before hearing.[2] *Id.* at 29. If the appellant did not recover anything, neither would his attorney under the terms of the agreement. *Id.*

¶3 In her initial decision, the administrative judge found that the appellant was entitled to differential pay during the relevant time period, and she granted the appellant's request for corrective action under USERRA. *Doe v. Department of State*, MSPB Docket No. NY-4324-15-0127-I-2, Appeal File (I-2 AF), Tab 9, Initial Decision at 3-5. Neither party filed a petition for review. The appellant then filed a motion for attorney fees under 38 U.S.C. § 4324(c)(4), which permits the Board to award reasonable attorney fees under USERRA. AFF, Tab 1. In a declaration submitted with the request, the appellant's attorney described his experience in Federal district and circuit courts. *Id.* at 21-24. He indicated that his current hourly rate for USERRA litigation is $650 per hour, Federal district courts in California generally had found that fee to be a reasonable hourly rate for a law firm partner, and a Federal district court in California awarded him this

---

[1] The appellant included with his appeal a motion to proceed anonymously. IAF, Tab 1 at 16-19. The agency did not oppose the appellant's motion, and the administrative judge granted it. IAF, Tab 6.

[2] Because the appellant withdrew his hearing request during the merits phase of the appeal, provisions in the agreement related to a hearing are inapplicable. *Doe v. Department of State*, MSPB Docket No. NY-4324-15-0127-I-2, Appeal File, Tab 4.

rate.[3]  *Id.* at 23-24, 40-41.  In a second declaration, another practicing attorney averred that the rate of $650 per hour was reasonable for someone of the appellant's attorney's experience, reputation, and USERRA expertise practicing in San Diego.  *Id.* at 15-16.  In doing so, he referenced rates charged by attorneys practicing in Federal district court.  *Id.* at 15.  The appellant also includes the sworn declaration of a professional contact, who averred to the expertise of the appellant's attorney in USERRA matters but did not express an opinion regarding a reasonable hourly rate.  *Id.* at 19-20.

¶4     The administrative judge issued an addendum initial decision finding that the 116.2 hours of work that the appellant's attorney claimed was reasonable. AFF, Tab 9, Addendum Initial Decision (AID) at 5.  However, she found that his claimed hourly rate of $650 was not reasonable for a San Diego attorney practicing before the Board, even one with the appellant's attorney's qualifications.  AID at 3-5.  Instead, she found that $425 was a reasonable hourly rate.  *Id.*  In reaching this conclusion, she reviewed fees awarded in recent addendum initial decisions to attorneys practicing in the San Diego area, which ranged from $325 to $425 per hour.  AID at 4.

¶5     The appellant has filed a petition for review, in which he contends that the administrative judge erred in reducing his attorney's hourly rate, arguing that he prevailed on the only issue in his USERRA appeal, and that "but for [his] counsel's renowned expertise in this nuanced area of law, the [a]ppellant would not have been awarded the differential pay to which he is entitled."  Attorney Fees Petition for Review (AFPFR) File, Tab 1 at 4.  The agency has responded to the petition for review.  AFPFR File, Tab 3.

---

[3] The appellant's attorney is the principal of Pilot Law, P.C.  AFF, Tab 1 at 21.

ANALYSIS

¶6      In situations like the one before us, in which an individual files a direct USERRA appeal with the Board, the administrative judge has discretion to award "reasonable attorney fees" if the Board issues an order requiring the agency to comply with USERRA.  38 U.S.C. § 4324(b), (c)(2), (4); *Jacobsen v. Department of Justice*, 103 M.S.P.R. 439, ¶¶ 8-9, 12 (2006), *aff'd*, 500 F.3d 1376 (Fed. Cir. 2007).  In calculating what constitutes "reasonable attorney fees" under various statutes, the Board has found that the most useful starting point is to multiply the hours reasonably spent on the litigation by a reasonable hourly rate.  *Guy v. Department of the Army*, 118 M.S.P.R. 45, ¶¶ 7-9 (2012) (discussing how to calculate fees under 5 U.S.C. § 1221(g) in an individual right of action appeal); *Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶¶ 7, 10 (2011) (applying this formula to a request for fees under 5 U.S.C. § 7701(g)(1) in a chapter 75 adverse action appeal).  This is referred to as the "lodestar" method for calculating fees. *Driscoll*, 116 M.S.P.R. 662, ¶ 10.  We find that the lodestar method is appropriate for calculating fees under USERRA.  *See City of Burlington v. Dague*, 505 U.S. 557, 561-62 (1992) (explaining that the lodestar method applies to all Federal fee-shifting statutes that provide for the award of reasonable attorney fees).  The administrative judge found that the appellant was entitled to fees and that the 116.2 hours claimed by the appellant's attorney was reasonable.  AID at 2-3, 5-6; AFF, Tab 1 at 11-12, Tab 7 at 8-9.  Neither party challenges these findings on review and we decline to disturb them.  However, the appellant disputes the administrative judge's finding that $425 was a reasonable hourly rate.  AFPFR File, Tab 1.

¶7      The appellant bears the burden of showing that the requested fees were reasonable.  *Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 15 (2015).  To do so, he is required to provide evidence of his attorney's customary rate and that the rate was consistent with the prevailing rate for similar services in the community in which the attorney ordinarily practices, including a copy of any

fee agreement between the appellant and his attorney. *Id.*; 5 C.F.R. § 1201.203(a)(2)-(3); *see* 5 C.F.R. § 1208.15(b) (explaining that USERRA fee requests are adjudicated under the procedures in 5 C.F.R. §§ 1201.201-.205). An appellant's agreement to pay a specific fee for legal services rendered in a Board appeal creates a rebuttable presumption that the agreed-upon fee is the maximum reasonable fee that may be awarded. *Martinez v. U.S. Postal Service*, 89 M.S.P.R. 152, ¶ 18 (2001). Here, the appellant submitted a copy of the contingency-fee retainer agreement he entered into with his attorney, but the agreement does not indicate an hourly rate. AFF, Tab 1 at 29-31. Thus, we agree with the administrative judge that the retainer agreement is not helpful in establishing the proper hourly rate. AID at 4.

¶8        Accordingly, we must look to other evidence to determine the appropriate hourly rate—specifically, the attorney's customary rate and whether that rate was consistent with the prevailing rate for similar services in the community in which the attorney ordinarily practices. *Caros*, 122 M.S.P.R. 231, ¶ 15; *Krape v. Department of Defense*, 97 M.S.P.R. 430, ¶ 14 (2004); 5 C.F.R. § 1201.203(a)(3); *see* Practices and Procedures, 64 Fed. Reg. 72,040, 72,041 (Dec. 23, 1999) (explaining that amendments to 5 C.F.R. § 1201.203(a)(3) were intended to ensure that an attorney received the billing rate for the location where he ordinarily practices). Here, the administrative judge found that the relevant geographic community was the San Diego area, where the appellant's attorney regularly practices. AID at 4-5. Neither party disputes this finding on review, and we decline to disturb it.

¶9        The appellant provided evidence that his attorney's customary billing rate for similar services in Federal district court is $650 per hour. AFF, Tab 1 at 23-24, 40-41. He also provided evidence that this fee is consistent with fees awarded to other San Diego-based attorneys litigating USERRA claims in Federal district courts in California. *Id.* at 15-16. He argues that the administrative judge improperly looked at rates awarded in non-USERRA cases and narrowed the

relevant community for purposes of determining reasonable fees to attorneys practicing before the Board. AFPFR File, Tab 1 at 5-8. The appellant also appears to suggest that the administrative judge discounted his attorney's expertise. *Id.* at 6.

¶10    We agree with the administrative judge's finding that fees awarded in comparable Board litigation most accurately reflect the prevailing community rate for similar services in the community in which the attorney ordinarily practices. AID at 3-5; 5 C.F.R. § 1201.203(a)(3). As the U.S. Supreme Court has observed, calculating fees by looking at "prevailing market rates in the relevant community" most closely approximates what an attorney billing at his hourly rate would receive "in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (internal quotations omitted). We find that a "comparable case" in this matter is a Board case.[4]

¶11    Although the appellant argues that the administrative judge improperly looked at attorney fee rates awarded in non-USERRA Board litigation, he has not provided any evidence of fee awards that reflect hourly rates paid to San Diego area attorneys in USERRA appeals before the Board. AFPFR File, Tab 1 at 6. The administrative judge properly considered Board cases involving the hourly rates for attorneys in the San Diego area. *See Caros*, 122 M.S.P.R. 231, ¶ 15; 5 C.F.R. § 1201.203(a)(3); AID at 4 (citing *Achenbach v. Department of the Navy*, MSPB Docket No. SF-0752-14-0704-A-1, Addendum Initial Decision at 2, 5 (June 13, 2016) (finding $325 to be a reasonable hourly rate in an action to enforce a settlement agreement); *Forte v. Department of the Navy*, MSPB Docket

---

[4] In so finding, we do not exclude the possibility in other matters that litigation in other fora, including Federal district court, may be comparable in other instances. We disagree with the administrative judge that Federal district court litigation is inherently more complex, or that discovery, motions practice, and trial work garners a different rate than record review. However, here, the attorneys briefed a single legal issue which was decided on the record. AID at 4; I-2 AF, Tabs 4, 7-8; AFF, Tab 1 at 26-27.

No. SF-0752-14-0761-A-1, Addendum Initial Decision at 1-2, 6 (June 10, 2016) (awarding $425 per hour to experienced counsel in an appeal of a 30-day suspension); *Alhajjar v. Department of Homeland Security*, MSPB Docket No. SF-0752-14-0025-A-1, Addendum Initial Decision at 2, 7 (April 17, 2015) (finding $350 per hour was a reasonable rate for an attorney litigating a removal appeal)).[5] To the extent that the USERRA issue in this appeal was more complex than the cases considered by the administrative judge, we presume that this complexity is reflected in the number of hours charged. *See Perdue*, 559 U.S. at 553. Moreover, in a recent USERRA attorney fees matter involving the same attorney as in the instant case, a Board administrative judge determined that the reasonable hourly rate for his services was $425. *Marquiz v. Department of Defense*, MSPB Docket No. SF-4324-15-0099-A-1, Addendum Initial Decision at 10-11 (Aug. 31, 2017).[6]

¶12     We further find that the administrative judge appropriately considered the appellant's attorney's USERRA expertise. AID at 3. The appellant relies on the administrative judge's failure to specifically mention that a professional contact of the appellant's attorney declared that he performed "outstanding" work and was a "national authority" on USERRA. AFPFR File, Tab 1 at 6; AFF, Tab 1 at 19. However, the administrative judge's award of $425 per hour, the highest among the awarded rates that she reviewed, demonstrates that she adequately considered his expertise. AID at 4-5; *see Marques v. Department of Health &*

---

[5] The appellant's attorney indicates that he was unable to read these attorney fees decisions because the Board restricts nonparties' access to "files in which they are not personally involved." PFR File, Tab 1 at 6. However, addendum initial decisions such as those cited by the administrative judge are available on subscription services widely used in the legal profession. Further, the public may request copies of initial decisions under the Freedom of Information Act. U.S. Merit Systems Protection Board, *Freedom of Information Act – Requester Service Center*, https://mspb.gov/foia/request.htm (last visited Nov. 29, 2022).

[6] A petition for review in *Marquiz* is currently pending before the Board.

*Human Services*, [22 M.S.P.R. 129](), 132 (1984) (declining to find that the presiding official's failure to mention all of the evidence meant that she did not consider it), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

¶13      For the first time on review, the appellant argues that the Board should consider that a different agency agreed to pay the appellant's attorney $650 per hour in an "identical differential pay case[]." AFPFR File, Tab 1 at 8. The fact that a different agency in another case agreed to pay a lump sum to resolve a dispute concerning attorney fees is not particularly illuminating regarding whether the attorney's claimed hourly rate underlying that lump sum was reasonable. An agency's decision to settle such a matter may be based on myriad considerations which are unrelated to the reasonableness of the attorney's hourly rate. Although the initial decision dismissing the attorney fees matter as settled was issued 1 week after the initial decision in this case, and therefore it is new evidence, it is not of sufficient weight to warrant a different outcome here. *See Russo v. Veterans Administration*, [3 M.S.P.R. 345](), 349 (1980).

¶14      The main issues with the fee petition are that (1) the attorney did not include his hourly rates in his retainer agreement with the clients, (2) he failed to present evidence of similar cases before the Board in which other attorneys with similar experience received his claimed rate, and (3) he failed to demonstrate that he received similar rates in Board litigation. Accordingly, we affirm the administrative judge's finding that the appellant has established that he is entitled to an award of reasonable attorney fees in the amount of $49,385.

<u>ORDER</u>

¶15      We ORDER the agency to pay the attorney of record $49,385 in fees. The agency must complete this action no later than 20 days after the date of this decision. *See generally* Title 5 of the United States Code, section 1204(a)(2) ([5 U.S.C. § 1204](a)(2)).

¶16     We also ORDER the agency to tell the appellant and the attorney promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  We ORDER the appellant and the attorney to provide all necessary information that the agency requests to help carry out the Board's Order.  The appellant and the attorney, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶17     No later than 30 days after the agency tells the appellant or the attorney that it has fully carried out the Board's Order, the appellant or the attorney may file a petition for enforcement with the office that issued the initial decision on this appeal, if the appellant or the attorney believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant or the attorney believes the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  *See* 5 C.F.R. § 1201.182(a).

¶18     This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1)** **<u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/

Jennifer Everling
Acting Clerk of the Board
Washington, D.C.