# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSHUA MARQUIZ,
          Appellant,

      v.

DEPARTMENT OF DEFENSE,
          Agency.

DOCKET NUMBER
SF-4324-15-0099-A-1

DATE: February 15, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brian Lawler, Esquire, San Diego, California, for the appellant.

Wayne G. Carter, Jr., Santa Ana, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Vice Chairman Harris issues a separate opinion
concurring in part and dissenting in part.

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which awarded attorney fees in the amount of $40,587.50. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2    The appellant filed a Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) appeal that, inter alia, alleged the agency improperly refused to pay him differential pay—the difference between his civilian and military pay—for a period of active duty training between October 2014 and April 2015.  *Marquiz v. Department of Defense*, MSPB Docket No. SF-4324-15-0099-I-1, Initial Appeal File (IAF), Tab 1.  After developing the record, the administrative judge granted the appellant's request for corrective action.  IAF, Tab 19, Initial Decision.  Although the agency filed a petition for review, the two sitting Board members could not agree on a disposition.  *Marquiz v. Department of Defense*, MSPB Docket No. SF-4324-15-0099-I-1, Split Vote Order (July 12, 2016).  Therefore, the initial decision became the Board's final decision.  *Id.*

¶3    The appellant filed a motion seeking attorney's fees.  *Marquiz v. Department of Defense*, MSPB Docket No. SF-4324-15-0099-A-1, Attorney Fee

File (AFF), Tabs 1, 5.[2] The administrative judge granted the motion, in part, and ordered the agency to pay $40,587.50 in attorney fees. AFF, Tab 11, Addendum Initial Decision (AID) at 15. In short, he found that while the appellant's attorney sought both a higher rate and a higher number of reimbursable hours, the attorney was entitled to only $425 per hour, for 95.5 hours. AID at 11, 14. The appellant has filed a petition for review. *Marquiz v. Department of Defense*, MSPB Docket No. SF-4324-15-0099-A-1, Addendum Petition for Review (APFR) File, Tab 1. The agency has filed a response. APFR File, Tab 3.

¶4 If an individual files a direct USERRA appeal with the Board, the administrative judge has discretion to award "reasonable attorney fees" if the Board issues an order requiring the agency to comply with USERRA. 38 U.S.C. § 4324(b), (c)(2), (4); *Doe v. Department of State*, 2022 MSPB 38, ¶ 6. In calculating what constitutes "reasonable attorney fees" under various statutes, the Board has found that the most useful starting point is to multiply the hours reasonably spent on the litigation by a reasonable hourly rate. *Doe*, 2022 MSPB 38, ¶ 6. This is referred to as the "lodestar" method for calculating fees, and it is the appropriate method for calculating fees under USERRA. *Id.*

¶5 As stated above, the administrative judge found that the appellant was entitled to a rate less than that claimed, as well as a total number of hours less than that claimed. The appellant challenges both on review, and so we will address each in turn. APFR File, Tab 1.

The administrative judge properly reduced the hourly rate of the appellant's attorney fees.

¶6 Specific to the instant appeal, the Board recently considered an attorney-fee petition under similar circumstances. The same attorney represented the appellants in each case; each was a successful USERRA claim concerning differential pay; each involved a fee agreement that did not reflect an hourly rate;

---

[2] The parties appeared to agree on the proper recovery amount for the appellant—approximately $5,300. AFF, Tab 10 at 3.

and each included a fee request before the Board of $650 per hour. *Compare, e.g.*, AFF, Tab 1, *with Doe*, 2022 MSPB 38, ¶¶ 2-3. The administrative judge in *Doe* found the asserted rate unreasonable, instead awarding fees at a rate of $425 per hour. *Doe*, 2022 MSPB 38, ¶ 4. In an Opinion and Order, we affirmed. *Id.*, ¶¶ 6-15. For all the same reasons, we reach the same conclusion today.

¶7      The appellant has presented a number of arguments pertaining to his requested rate of $650 per hour, but we find each unavailing. APFR File, Tab 1 at 9-14. For example, the appellant argues that his representative's expertise in the field of USERRA warrants the higher rate. *Id.* at 10-11. However, we considered similar arguments in *Doe*, for the same representative, and found that $425 per hour was the reasonable rate. *Doe*, 2022 MSPB 38, ¶ 12. He also argues that a Federal court has awarded him fees at a rate of $650, so the Board should award the same here. APFR File, Tab 1 at 11-12. But again, we considered similar arguments in *Doe*, for the same representative, and found otherwise. *Doe*, 2022 MSPB 38, ¶¶ 9-11. The appellant also cites his representative's award in a case settled before the Board as supporting the requested rate, rather than the administrative judge's reduced rate. APFR File, Tab 1 at 13. Once more, we already rejected that argument in *Doe*. *Doe*, 2022 MSPB 38, ¶ 13.

The administrative judge properly reduced the number of reimbursable hours. [3]

¶8      In his initial fee request, the appellant alleged 196.8 billable hours. [4] AFF, Tab 1 at 26-28. The administrative judge reviewed the request and warned that a

---

[3] Although *Doe* addressed the reasonableness of the hourly rate requested under similar circumstances, it did not address the reasonableness of the hours requested, because that matter was not raised by either party. *Doe*, 2022 MSPB 38, ¶ 6. Therefore, *Doe* does not provide any guidance on the reasonableness of the hours requested in this appeal.

[4] As a result of the appellant's pleadings above and beyond the initial fee petition, the appellant requested an additional 16.7 hours. AFF, Tab 3 at 5, Tab 5 at 8, Tab 9 at 8. In concert with the attorney-fee petition for review currently before us, the appellant now requests an additional 11 billable hours. APFR File, Tab 1 at 14.

large number of those hours appeared to be inadequately explained, inadequately supported, or duplicative. AFF, Tab 8 at 3. The appellant filed a response, refusing to provide additional details about the hours expended, citing attorney-client privilege and attorney work product. AFF, Tab 9 at 6-7. Subsequently, the administrative judge found that only 95.5 of the hours requested were reasonable and adequately supported by the record. AID at 14.

¶9      The burden of establishing the reasonableness of the hours claimed in an attorney-fee request is on the party moving for an award of attorney fees. *Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 11 (2011). The party seeking an award of fees should submit evidence supporting the hours worked and exclude hours that are excessive, redundant, or otherwise unnecessary. *Id.* The administrative judge need not automatically accept claimed hours, but may disallow hours for duplication, padding, or frivolous claims, and impose fair standards of efficiency and economy of time. *Id.*

¶10     Generally speaking, the appellant's representative prepared the initial appeal, he prepared one substantive prehearing submission, he participated in an hour-long oral argument, he prepared a response to the agency's petition for review, and he prepared the fee petition currently before us. IAF, Tabs 1, 15, 18; *Marquiz v. Department of Defense*, MSPB Docket No. SF-4324-15-0099-I-1, Petition for Review File, Tab 3; AFF, Tab 1. As further detailed in the addendum initial decision, the initial appeal contained limited arguments of consequence. AID at 2-4, 9, 12; *see* IAF, Tab 1. Among other things, the pleading contained block quotations from statutes, but no case law. IAF, Tab 1. In addition, it contained a section pertaining to the waiver of filing fees, despite the Board having no such filing fee, IAF, Tab 1 at 2, and a request for class certification that was wholly unsupported, *compare id.* at 7-10 (seeking a class action on behalf of agency employees mobilized to active duty any time after September 14, 2001), *with* IAF, Tab 4 (denying the class certification because, inter alia, the statute at issue was not enacted until 2009 and did not apply retroactively).

¶11     As also detailed in the addendum initial decision, it was the administrative judge, not the appellant's representative, who identified the only pertinent precedent relevant to the instant appeal—a decision from the Office of Compliance. AID at 13; IAF, Tab 4 at 2. Although the appellant's representative then prepared a prehearing submission and participated in an hour-long oral argument, both generally focused on that which previously was identified by the administrative judge, without adding much of substance. AID at 9, 12-13; IAF, Tabs 15, 18. Moreover, the administrative judge correctly noted that the issue at hand was a question of law, rather than a question of fact, calling into doubt the extensive hours the appellant's attorney billed for "[c]omm w client." AID at 13.

¶12     As previously stated, it is the appellant's burden to establish the reasonableness of the hours claimed in this matter. *Supra* ¶ 9. While the entirety of the hours claimed may be reasonable, we agree with the administrative judge's determination that the appellant failed to meet his burden of establishing their reasonableness, even in the face of specific warning. Under the circumstances, only some of which is described above, the appellant's billing statements are largely insufficient. The descriptions of his work consist of cursory notes such as "legal research" and "[c]omm w client" or "[c]omm w consultant." AFF, Tab 1 at 26-28. They do not contain any additional details that could bolster the claim of reasonableness, such as the topics researched, the type of consultant(s) used, why all the communication with the client was necessary for a purely legal question, or even if all of that communication was with the appellant in this appeal, rather than a mix of the appellant and others that he hoped to include in his proposed class action.

¶13     On review, the appellant has once again argued that all the billed hours were reasonable, without providing particularized arguments about specific hours that were disallowed or further explanation of what the billed hours consisted of. APFR File, Tab 1 at 7-9. Citing a number of court cases from the Northern District of California, the U.S. Court of Appeals for the Ninth Circuit, and the

Supreme Court of California, the appellant reasserts attorney-client privilege and attorney work product as preventing disclosure of additional billing details. *Id.* at 7-9. However, his reliance on those authorities is of little consequence because they are not binding on the Board. *See, e.g.*, *Mynard v. Office of Personnel Management*, 108 M.S.P.R. 58, ¶¶ 13-14 (2008) (recognizing that decisions by the U.S. Court of Appeals for the Federal Circuit are controlling authority for the Board, but other circuit courts and district courts are not). Moreover, although the cited authority concerns attorney-client and work product privileges, generally, none are persuasive in the context of the issue at hand—whether the appellant's representative can rely on the most cursory description of billable hours to establish their reasonableness.

¶14      While the appellant has asserted attorney-client and work product privileges, he has not provided a detailed account of how they apply to the specific information at issue. *See Gangi v. U.S. Postal Service*, 97 M.S.P.R. 165, ¶ 23 (2004) (recognizing that, under the appropriate circumstances, a party may invoke a common law privilege in refusing to make a disclosure during Board procedures, but evidentiary privileges should not be lightly granted). He has not explained, for example, how attorney-client privilege prevents him from disclosing even the most basic information about his billing, such as a general accounting for why more than 20 hours for client communication was reasonable in this case, which involved a purely legal question and no factual dispute of significance. *See generally Grimes v. Department of the Navy*, 99 M.S.P.R. 7, ¶ 6 (2005) (recognizing that attorney-client privilege is intended "to encourage full and frank communications between attorneys and their clients") (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). He has not explained how work product privilege prevents him from disclosing a general accounting of who he consulted with or what types of legal research he conducted. *See generally In re Subpena Addressed to the Office of Special Counsel*, 20 M.S.P.R. 245, 248 (1984) (discussing the work product privilege for documents prepared in anticipation of

litigation). In fact, the appellant repeatedly asserts that disclosure of additional information "could disclose" information intended to be confidential or "could reveal" the attorney's work product. APFR File, Tab 1 at 7-8. While that may be true, it also appears true that the appellant's representative could have tailored his billing descriptions accordingly, to maintain appropriate confidentiality but still establish the reasonableness of his billing hours. Although we recognize and agree with the importance and ethical requirements of attorney-client communications, the appellant's representative did not follow the administrative judge's instructions in this case and provide the necessary information to award fees for this purpose, nor did he provide a persuasive reason for not providing that information in support of his fee request. Therefore, we find no basis for disturbing the administrative judge's determination regarding the number of reimbursable hours.

¶15     In sum, we deny the appellant's petition and affirm the addendum initial decision, awarding attorney fees of $40,587.50. We also deny the request for additional fees the appellant has claimed for work performed since the addendum initial decision.

## ORDER

¶16     We ORDER the agency to pay the attorney of record $40,587.50 in fees. The agency must complete this action no later than 20 days after the date of this decision. *See generally* Title 5 of the United States Code, section 1204(a)(2) (5 U.S.C. § 1204(a)(2)).

¶17     We also ORDER the agency to tell the appellant and the attorney promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant and the attorney to provide all necessary information that the agency requests to help carry out the Board's Order. The appellant and the attorney, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶18  No later than 30 days after the agency tells the appellant or the attorney that it has fully carried out the Board's Order, the appellant or the attorney may file a petition for enforcement with the office that issued the initial decision on this appeal, if the appellant or the attorney believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant or the attorney believes the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  *See* 5 C.F.R. § 1201.182(a).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[6]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.

¶1      For the reasons explained by the majority, I agree that the administrative judge properly reduced the lodestar figure by adjusting the claimed rate downward from $650 to $425 per hour, and by disallowing a portion of the claimed hours.  Many of the hours claimed seem excessive on their face, and the sparse billing records (which the appellant failed to supplement even when given the opportunity) are insufficient to justify the time claimed.

¶2      However, I would not have reduced the hours claimed for "client communication," and I respectfully dissent on that issue.  The appellant's attorney is licensed to practice law in the State of California and is a member of the San Diego County Bar Association.  Attorney Fees File (AFF), Tab 1 at 36. Under the California Rules of Professional Conduct, Rule 1.4, he is specifically required to keep his clients apprised of the status of their cases, consult with them about means to accomplish their objectives, explain legal matters to them sufficiently for them to make informed decisions, and otherwise pursue open and effective communications with his clients.  I am unaware of any United States jurisdiction that does not have similar ethical requirements.  *See, e.g.*, N.Y. Rules of Prof. Conduct R. 1.4; Tex. Disciplinary Rules of Prof. Conduct R. 1.03; ABA Model Rule 1.4.  Furthermore, according to the San Diego County Bar Association, "California attorneys are constantly reminded that the number one reason for complaints to the state bar about attorneys is the failure to respond to requests for information from clients."  Michael Crowley, Ethics in Brief, *Communication with Clients—Utmost Importance*, San Diego County Bar

Association, https://www.sdcba.org/?pg=Ethics-in-Brief-2017-07-24 (last visited Feb. 13, 2023). This pattern of client complaints and bar referrals obtains, without exception, in other jurisdictions as well. *See* Nancy J. Moore, *Revisions, Not Revolution: Targeting Lawyer/Client Relations, Electronic Communications, Conflicts of Interest*, 88-DEC A.B.A. J. 48 (2002) ("The most frequent complaint of clients is that their lawyers do not communicate with them."); *see also, e.g.*, Heidi S. Alexander, *Easy Automation*, 56-OCT Ariz. Att'y 24 (2019) ("Poor client communication nearly always makes the top of the list for the most popular bar complaints."); Martin Cole, *Summary of Private Discipline*, 72-MAR Bench & B. Minn. 12 (2015) ("As is true every year, a lack of diligence and/or communication with a client are the most common reasons for receiving a complaint, and also for receiving an admonition.").

¶3      Given the universal ethical obligation for attorneys to keep their clients apprised of the status of their cases, the Board should be cautious about discouraging attorney/client communications or attaching additional costs for attorneys trying to meet their ethical obligations. In addition, for both practical and confidentiality reasons, this category of billing is the least susceptible to detailed description in a petition for attorney fees. I therefore believe that the Board should err on the side of awarding such fees, even absent very detailed explanation, and disallow hours claimed for attorney/client communication only when they are clearly excessive. Although the 23 hours claimed in this case seems rather high under the circumstances, I do not think that it is clearly excessive. According to the attorney's billing records, 8 hours were spent in client communication prior to the filing of the appeal, which is reasonable under these circumstances. AFF, Tab 1 at 26. The remaining client communication hours are roughly proportionate to litigation events in the case. For example, the attorney recorded 2.4 hours of client communication between the prehearing conference and the hearing. *Id.* at 27. I further observe that the parties engaged in settlement and mediation efforts between December 2014 and February 2015,

and that 11 (nearly half) of the client communication hours were logged during that time period. Initial Appeal File, Tabs 8, 10, 12; AFF, Tab 1 at 26-27. I therefore disagree with the majority that more information was required in order to determine the relevance of these communications to the matters at issue in this case.

¶4     For these reasons, I would restore to the lodestar calculation the 13 hours of client communication that the administrative judge disallowed. Having restored this time to the lodestar, I would also add to the lodestar calculation an appropriate number of hours to reflect some limited success for the appellant on petition for review.

/s/
_____
Cathy A. Harris
Vice Chairman