**Sherman HOWARD, Petitioner,**

v.

**DEPARTMENT OF the AIR FORCE, Respondent.**

No. 2010–3177.

United States Court of Appeals, Federal Circuit.

July 6, 2011.

ON MOTION

PER CURIAM.

**ORDER**

The Department of the Air Force ("the government") moves to remand this case

to the Merit Systems Protection Board ("the Board") for further proceedings in light of our decision in *Ward v. U.S. Postal Serv.*, 634 F.3d 1274 (Fed.Cir.2011). The government argues that *Ward* requires the case to be remanded because the Board performed its own reasonableness analysis instead of a harmless error analysis to determine if the agency would have still removed Howard absent consideration of his poor performance, where Howard's poor performance was absent from the agency's removal notice. Howard agrees that the Board erred in light of *Ward,* but argues that we should decide the remaining issues of his appeal rather than remand the case to the Board prior to addressing those issues. In response, the government argues that such an approach amounts to piecemeal appellate review, which would undermine efficiency and judicial economy.

We agree with the government that the appeal should be remanded to the Board to perform a harmless error analysis as detailed in *Ward,* 634 F.3d at 1281–82. In this case, the Board concluded that the agency considered "appellant's poor performance as an aggravating factor weighing in favor of removal, although the proposal notice did not mention the appellant's poor performance as an aggravating factor." *Howard v. Dep't of the Air Force,* 114 M.S.P.R. 482, 485–86 (2010). The Board thereafter conducted "a new analysis of reasonableness of the penalty ... without consideration of the appellant's performance." *Id.* at 486–87. As we held in *Ward,* the Board was required to perform a harmless error analysis, where the focus of the analysis is "whether the *agency* is likely to have reached a different conclusion in the absence of the procedural error." 634 F.3d at 1282 (emphasis in original). Thus, a remand to the Board to conduct this analysis is proper. While Howard raises

other issues on appeal, those issues are intertwined with the Board's upholding of Howard's removal after performing a "reasonableness" analysis, and it would be inappropriate to address those issues prior to the Board's performance of a harmless error analysis.

IT IS ORDERED THAT:

(1) The motion is granted and the appeal is remanded to the Board for further proceedings in light of *Ward v. U.S. Postal Serv.*, 634 F.3d 1274 (Fed.Cir.2011).