NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHERMAN HOWARD,**
*Petitioner*

**v.**

**DEPARTMENT OF THE AIR FORCE,**
*Respondent*

---

2015-3233

---

Petition for review of the Merit Systems Protection Board in No. DA-0752-09-0172-A-3.

---

Decided: December 16, 2016

---

MARSHALL DECEDRIL WHITE, Law Office of Marshall D. White, San Antonio, TX, argued for petitioner.

VITO SALVATORE SOLITRO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., BRYANT G. SNEE.

---

Before PROST, *Chief Judge,* REYNA, and CHEN, *Circuit Judges.*

REYNA, *Circuit Judge.*

Mr. Howard appeals a final decision of the Merit System's Protection Board ("Board") that eliminated a substantial amount of his claimed attorney's fees. The Board's determination to reduce the attorney's fees Mr. Howard claimed was arbitrary and capricious, not in accordance with law, and unsupported by substantial evidence. Therefore, we *vacate* and *remand* for further proceedings consistent with this opinion.

BACKGROUND

This appeal concerns a motion for attorney's fees involving a long dispute over adverse employment action taken against Mr. Howard by the Department of the Air Force. Mr. Howard was removed from his position as an auditor in the Air Force in 2008. The Board initially upheld the removal despite acknowledging that the deciding official relied on an aggravating factor to justify removal that was not mentioned in the notice of proposed removal given to Mr. Howard. To remedy the deciding official's error, the Board conducted its own analysis, found that removal was within the bounds of reasonableness, and affirmed the agency's action.

When Mr. Howard appealed that decision to this court, the government moved to remand the case to the Board for further proceedings in light of our holding in *Ward v. U.S. Postal Service*, where we explained that due process violations occur when an agency's removal decision is based on factors not included in the notice of proposed removal. 634 F.3d 1274, 1281 (Fed. Cir. 2011). We granted the motion to remand. *Howard v. Dep't. of the Air Force*, 452 F. App'x. 965 (Fed. Cir. 2011).

On remand, in April 2012, the Board reversed the Air Force's removal of Mr. Howard. *Howard v. Dep't of the*

*Air Force*, 118 M.S.P.R. 106 (2012). In that decision, the Board ordered the Air Force to comply with several directives, including, among other things, reinstatement and back pay with interest. After attempting to implement the Board's instructions, the Air Force notified Mr. Howard on July 5, 2012 that it was in full compliance with the Board's order.

On July 20, 2012, Mr. Howard filed a Petition for Enforcement (PFE) with the Board's Denver field office raising eight claims of noncompliance. In response, the agency acknowledged that it was not in full compliance and provided further relief. Mr. Howard, however, disagreed as to whether the agency was in compliance with the Board's order to reinstate him to his former position with back pay. Regarding reinstatement, the agency maintained that it was appropriate to place Mr. Howard on administrative leave pending another removal action initiated against him. As for back pay, the agency took the position that Mr. Howard would have to seek the additional back pay he sought from the Department of Labor's Office of Workers' Compensation Program. The parties also disagreed as to whether the agency accurately calculated the required interest payment on the back pay that the agency had already conceded was due.

An administrative judge (AJ) granted Mr. Howard's PFE in part. The AJ agreed with Mr. Howard that the agency erred in calculating the interest on his back pay. The agency complied with the AJ's decision regarding interest on pack pay, which resulted in Mr. Howard receiving additional compensation. However, the AJ found that the Board's reinstatement order was mooted by the agency's subsequent removal action and that the agency was in compliance with the Board's back pay order.

Mr. Howard filed a Petition for Review (PFR) at the Board, arguing that the AJ erred with respect to his

reinstatement and back pay claims. On March 25, 2014, the Board issued a final decision denying Mr. Howard's PFR. On May 12, 2014, Mr. Howard filed a motion for attorney's fees relating to services that his counsel, Mr. White, performed in connection with the PFE and PFR.

THE BOARD'S DECISION

Considering the motion for fees, the AJ determined that Mr. Howard was a prevailing party, that attorney's fees were warranted in the interest of justice, and that Mr. White's fees were billed at a reasonable rate. P.A. 6–9. The AJ applied the two-step framework for determining a reasonable attorney's fee award, as established in *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

Applying *Hensley* step one, the AJ calculated the lodestar, an approximation presumed to reflect a reasonable fee award, by multiplying Mr. White's hourly rate by the number of hours he reasonably billed. In doing so, the AJ eliminated as unreasonable fifty-six of the 106 hours claimed. Applying *Hensley* step two, the AJ made a downward adjustment of twenty-eight hours to the lodestar based on the fact that Mr. Howard was unsuccessful on certain claims at the PFR stage. Finally, the AJ eliminated an additional four hours for filings made on July 22, 2014 and August 9, 2014. P.A. 11–14.

The AJ's initial decision became the Board's final decision on July 27, 2015. Mr. Howard appeals. We have jurisdiction to review the Board's final decision pursuant to 28 U.S.C. § 1295(a)(9).

STANDARD OF REVIEW

The Federal Circuit will set aside a final Board decision upon finding that it was (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupport-

ed by substantial evidence. 5 U.S.C. § 7703(c); *Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

DISCUSSION

The Board's decision was erroneous in three parts. First, the reduction of four hours for the filings Mr. Howard made on July 22, 2014 and August 9, 2014 is not supported by substantial evidence. As the government concedes, the record reveals that Mr. Howard did not request fees for time spent on those filings. P.A. 40. As a result, there is no evidence to support the elimination of these hours. *See* 5 U.S.C. § 7703(c)(3).

Second, the Board's determination that fifty-six of the 160 hours requested were unreasonable is arbitrary and capricious, because it fails to sufficiently explain its rationale for the reductions. For example, after admitting that the PFE involved issues that "were mathematically complex and required considerable analysis," the Board nonetheless reduced the hours claimed for preparing and filing the PFE from fifty hours to twenty. P.A. 11. In support of the reduction the Board determined that: "I find that 50 hours for preparing and filing a PFE that amounted to just 14 pages was not reasonable given Mr. White's experience." P.A. 11.

Some documents are short because they contain little content; others are short because the author has taken the time and effort necessary to concisely convey the complex ideas therein. The Board has broad discretion to determine that an attorney of Mr. White's experience spent an unreasonable amount of time preparing a document, but the document's length, on its own, cannot be the Board's only explanation for doing so.[1] There must be

---

[1] The Board's decision also mentions that Mr. White unreasonably billed time for clerical tasks associated with electronically filing the PFE. But there is no

some nexus between the time spent preparing a document and the content of that document.[2]

Third, when applying *Hensley* step two, the Board made a downward adjustment to the lodestar on the basis that Mr. Howard did not obtain all the relief he requested, which is contrary to Supreme Court precedent. As this court thoroughly explained in *Bywaters v. United States*, 670 F.3d 1221, 1228−30 (Fed. Cir. 2012), post-*Hensley* Supreme Court decisions cabin the discretion to adjust the lodestar based on results obtained. Indeed, *Bywaters* makes clear that a downward reduction to the lodestar should only occur in rare and exceptional cases and a fee award may not be adjusted based on a factor that is already subsumed within the lodestar. *See id.* at 1228−31; *see also Perdue v. Kenny*, 559 U.S. 542, 552−54 (2010). The Board may exclude from the fee award hours Mr. Howard spent litigating an unsuccessful claim, *Hensley*, 461 U.S. at 441, but to do so, it must either explain why the case is rare and exceptional (if applying an adjustment to the lodestar) or exclude those hours *when calculating the lodestar*. *See Bywaters*, 670 F.3d at 1231; *see also Perdue v. Kenny*, 559 U.S. 542, 552−54 (2010).

Here, the Board did neither. It calculated the appropriate lodestar to account for the result Mr. Howard obtained. Yet, the Board's decision does not contain any explanation as to how this matter concerns a rare and exceptional case. Therefore, its downward reduction to the lodestar was not in accordance with law.

---

indication of how many of the fifty-six disallowed hours were associated with those clerical tasks. *See* P.A. 11−12.

[2]    The Board relied upon "the same reasons" to reduce the hours associated with four other filings by a total of twenty-six hours. P.A. 12.

For those three reasons, we *vacate* and *remand* for further proceedings consistent with this opinion.

**VACATED AND REMANDED**

Costs

Costs to petitioner.