# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DANIEL M. GOLDSMITH,
        Appellant,

v.

DEPARTMENT OF
  TRANSPORTATION,
        Agency.

DOCKET NUMBER
DC-0752-15-0520-A-1

DATE: July 24, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Valerie A. Teachout</u>, Esquire, Washington, D.C., for the appellant.

<u>Lisa A. Holden</u>, Esquire, and <u>Christopher Steven Jennison</u>, Esquire,
  Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the addendum initial decision, which awarded him $45,558.36 in attorney fees and costs in connection with the Board's decision mitigating to a 45-day suspension the demotion the agency imposed based on his misconduct. Generally, we grant petitions such as

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to supplement the administrative judge's analysis with current case law, we AFFIRM the addendum initial decision.

## BACKGROUND

¶2 The appellant occupied the supervisory position of Manager, Building Operations, Maintenance and Safety Division. The agency demoted him to the nonsupervisory position of Building Services Lead based on the charge of Inappropriate Behavior. The three underlying specifications of the charge were that (1) the appellant improperly changed the time and attendance records of a subordinate employee to reflect her in an absence without leave status on 10 occasions, knowing that she had requested the leave and that he had approved it; (2) he proposed to suspend the employee for providing inaccurate information, even though she had not, in fact, entered her own time; and (3) during a subsequent meeting with his supervisor, the appellant failed to take responsibility for not having been forthcoming regarding his actions. On appeal, the appellant challenged the specifications, contended that the penalty was not reasonable, and

alleged that the action was due to discrimination based on race and gender and the hostile work environment created by the agency.

¶3        Following a hearing, the administrative judge issued an initial decision in which she sustained only the first two specifications, but nonetheless sustained the overall charge. She found that the appellant did not establish his affirmative defenses. She then found that discipline for the sustained misconduct was appropriate, but that, given certain factors, a 45-day suspension was the maximum reasonable penalty, and she mitigated the penalty. *Goldsmith v. Department of Transportation*, MSPB Docket No. DC-0752-15-0520-I-1, Initial Decision (Dec. 9, 2015). The full Board denied the agency's petition for review and the appellant's cross petition for review, and affirmed the initial decision, which became the Board's final decision. *Goldsmith v. Department of Transportation*, MSPB Docket No. DC-0752-15-0520-I-1, Final Order (July 22, 2016).

¶4        The appellant filed a timely motion for attorney fees, claiming $102,831.40 in fees, representing approximately 194 hours at a rate of $504 per hour for the work of the primary attorney and 9.2 hours at $530 per hour and $568 per hour, respectfully, for the work of two senior attorneys at the firm. Attorney Fees File (AFF), Tab 1 at 31-41. The appellant also claimed $1,760.86 in costs, *id.* at 42, for a total award of $104,592.26.[2] He acknowledged that, pursuant to the fee agreement, attorney time was to be compensated at the rate of $425 per hour,

---

[2] In a first supplement to the fee petition, the appellant sought additional fees in the amount of $1,791.20 plus an additional $3.40 in costs for a new total of $106,386.86. AFF, Tab 3 at 23-24. According to the appellant, one page of the previously filed submission had been "unintentionally cropped" and an additional photocopying charge had been discovered, *id.* at 6. Subsequently, the appellant resubmitted a previously misfiled second supplement to the fee petition seeking an additional $2,066.40 in fees and $10.75 in costs for work performed in response to the administrative judge's Acknowledgment Order, for a new total of $108,464.01. AFF, Tab 6 at 79-80. It does not appear that the administrative judge considered either of these supplemental filings. Addendum Initial Decision at 2. However, although the appellant references them in his petition for review, Petition for Review File, Tab 1 at 7, he does not challenge the administrative judge's failure to consider them, *id.* at 24-25, and therefore we have not addressed either pleading.

lower for associates based on their years of experience,[3] but he argued that, because the agreement also provided that, if he prevailed, the firm would apply for an award of fees at the prevailing market rates, the primary attorney was entitled to the rate of $504 per hour and the senior attorneys to the higher rates requested, *id.* at 11-14, 19-22. According to the appellant, these higher rates derive from the *Laffey* Matrix, a schedule of hourly rates allowed by the U.S. District Court for the District of Columbia, purporting to show the prevailing market rates for attorneys in the District of Columbia, *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 374-75 (D.D.C. 1983), *aff'd in part and rev'd in part on other grounds*, 746 F.2d 4, 24-25 (D.C. Cir. 1984); AFF, Tab 1 at 12. Notably, the agreement itself does not refer to or otherwise describe the requested rates as *Laffey* rates. AFF, Tab 1 at 20.

¶5      The agency opposed the fee petition on the bases that fees are not warranted in the interest of justice, and that even if they are, the hours claimed are excessive and duplicative and the hourly rates too high, and that the overall award should be substantially reduced based on the appellant's limited success. AFF, Tab 4 at 5-17. In addition, the agency argued that costs for deposition transcripts and photocopying are not authorized, *id.* at 17.

¶6      In his timely reply, the appellant contended that fees are warranted because the agency knew or should have known that its penalty would not be sustained, that the requested fees are reasonable because he achieved a substantial degree of success, and that, even though he was not successful in his discrimination claims or in his cross petition for review of the initial decision, both were relevant to the claims upon which he did prevail and that therefore hours spent on those matters are compensable. AFF, Tab 6 at 5-13. However, the appellant conceded that,

---

[3] The appellant acknowledged that the primary attorney has been in practice since 2002 and that her regular billing rate was $375 per hour in 2015, and $385 per hour in 2016. The appellant also acknowledged that both senior attorneys regularly billed at $425 per hour. AFF, Tab 6 at 26-27.

"upon reflection," the agency is responsible for paying the firm at the attorneys' regular hourly rates, not the *Laffey* rates, *id.* at 14, 26-27, and that costs for deposition transcripts and photocopying are not compensable, *id.* at 25. Finally, the appellant argued that the specific hours challenged by the agency as duplicative and excessive are neither, but rather that they are reasonable, and that therefore he should be compensated for them, *id.* at 14-26. Each party filed a subsequent submission after the close of the record. AFF, Tabs 8-9.

¶7    In her addendum initial decision, the administrative judge granted in part and denied in part the appellant's motion. AFF, Tab 10, Addendum Initial Decision (AID) at 1. She first noted that the appellant was originally demoted with a loss in pay, but that, based on the initial decision, he was reinstated to his former position, albeit with a 45-day suspension, and she found that he thereby obtained an enforceable order resulting in a material alteration of the legal relationship between the parties, rendering him the prevailing party. AID at 5-6. The administrative judge next found that fees are warranted in the interest of justice, rejecting the appellant's claim that the dispositive factor is that the penalty in his case was mitigated, AID at 6-7, but finding that the agency should have known that it would not prevail on the selected penalty, AID at 7. She then addressed the hours claimed to determine if they are reasonable, accepting the billing rates as set forth in the fee agreement as the maximum rates that could be awarded. AID at 8-9. In considering the hours claimed, she denied 6.5 hours as not reasonably incurred. AID at 9-10. In sum, the administrative judge found the following hours reasonable: 157 hours for the primary attorney in 2015 at $375 per hour and 30.9 hours in 2016 at $385 per hour, and 10.7 hours and .5 hours respectively, for the senior attorneys at $425 per hour, for a total of $75,531.50. AID at 10. However, the administrative judge found that the appellant's partial

success before the Board warranted a 40% reduction of the lodestar calculation,[4] resulting in a fee award of $45,318.90. AID at 11-13. After reducing the appellant's request for costs of $1,764.26 to exclude those for deposition transcripts and photocopying, the administrative judge awarded costs in the amount of $239.46 for a total award of $45,558.36. AID at 13.

¶8    The appellant has filed petition for review, Petition for Review (PFR) File, Tab 1, the agency has responded, PFR File, Tab 5, and the appellant has submitted a reply to that response, PFR File, Tab 6.

## ANALYSIS

¶9    The agency has not challenged, by filing a petition for review, the administrative judge's findings that the appellant is the prevailing party in this appeal and that fees are warranted in the interest of justice, and we discern no basis upon which to disturb those findings.

Considering the fee agreement as a whole, the billing rates set forth therein are the maximum rates that can be awarded.

¶10    On review, the appellant first disputes the administrative judge's finding that the billing rates set forth in the fee agreement are the maximum rates that could be awarded. PFR File, Tab 1 at 10-17. As noted, although the appellant initially requested higher rates for the primary attorney and the two senior attorneys, AFF, Tab 1 at 11-14, 19-22, he later conceded that he was responsible for paying the firm at the attorneys' regular hourly rates, AFF, Tab 6 at 14, 26-27. After the record closed below, the appellant filed a Notice of Supplemental Authority in which he again argued that the *Laffey* rates are the appropriate hourly rates to be applied. In support of his claim, the appellant relied upon *Sarkis v. Department of Labor*, MSPB Docket Nos. DC-0752-13-6582-A-1 and

---

[4] In determining the amount of fees to be awarded, a useful starting point is multiplying the hours reasonably spent on the litigation by a reasonable hourly rate, known as the lodestar calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Guy v. Department of the Army*, 118 M.S.P.R. 45, ¶ 8 (2012).

DC-4324-14-0151-A-1, Initial Decision (Dec. 23, 2016), wherein another Board administrative judge applied the *Laffey* Matrix to award fees at the *Laffey* rate to the same firm representing the appellant in the instant case. AFF, Tab 9 at 19. While the *Sarkis* decision was new evidence in that it was issued after the close of the record below, AFF, Tab 2, we find that the administrative judge did not abuse her discretion in rejecting it, AID at 5; *see Roche v. Department of Transportation*, 110 M.S.P.R. 286, ¶ 13 (2008) (holding that initial decisions of the Board are not precedential), *aff'd*, 596 F.3d 1375 (Fed. Cir. 2010); *cf. Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). Additionally, we note that after the initial decision in this case was issued, but before the appellant filed his petition for review, the initial decision in *Sarkis* was vacated and the appeal was dismissed as settled. *Sarkis v. Department of Labor*, MSPB Docket Nos. DC-0752-13-6582-A-1 and DC-4324-14-0151-A-1, Initial Decision (Mar. 7, 2017). Nonetheless, because the administrative judge in this case found that, even if she did consider the appellant's argument, she would still award fees based on the billing rates as set forth in the fee agreement, AID at 8, we will address the argument.

¶11      As noted, the agreement provided for a billing rate of $425 per hour of attorney time, except that associates' time would be billed at lower rates based on years of experience. AFF, Tab 1 at 20. The agreement also provided that "[u]pon . . . settling or prevailing in this case, the firm will apply for an award of legal fees at the prevailing market rate." *Id.* In rejecting the appellant's argument that the *Laffey* rates should apply, the administrative judge relied on the Board's decision in *Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶¶ 7-13 (2015). There, the Board found that, although the fee structure agreed to was not an hourly billing at $250 per hour, the agreement did provide that as an option, and that the appellant's attorney acknowledged that she did

offer a billing rate of $250 per hour to some clients. *Id.*, ¶ 11. The Board considered her affidavit asserting that she billed the appellant's case at the rate of $510 per hour, and her characterization that that was her customary rate, but found that she failed, in her affidavit, to identify even a single case where she charged a client $510 per hour or any other comparable rate, noting that the cases she cited in support of her claim that she was paid *Laffey* rates were either Board cases that were settled or Equal Employment Opportunity Commission (EEOC) cases. The Board found that such evidence did not outweigh the specific evidence that the attorney's customary billing rate was $250 per hour. *Id.*, ¶ 12.

¶12 The appellant argues that the administrative judge erroneously applied *Caros* to the facts of this case, PFR File, Tab 1 at 14-17, and that the fee agreement in *Caros* is "distinctly and materially different" from the fee agreement in his case because the agreement in *Caros* was based on a flat-fee arrangement whereas his agreement is based on an hourly rate structure, *id.* at 15. As set forth above, however, the Board found both options relevant for its analysis, *Caros*, 122 M.S.P.R. 231, ¶¶ 8, 11, concluding that neither option gave any indication that the appellant was responsible for paying *Laffey* rates, *id.*, ¶ 9.

¶13 Here, the appellant acknowledged that the regular hourly rates charged by the primary attorney for the services she performed for him were $375 per hour in 2015 and $385 per hour in 2016. AFF, Tab 6 at 14. Although the primary attorney has listed a number of cases in which "[a]ttorneys in our firm" have been paid at the *Laffey* rates, because those cases, as in *Caros*, are EEOC cases or cases that were settled, AFF, Tab 1 at 26-28, such evidence does not outweigh the specific evidence that the customary rate for the primary attorney was $375 per hour in 2015 and $385 per hour in 2016, and $425 per hour for the senior attorneys, *Caros*, 122 M.S.P.R. 231, ¶ 12 (2015); *see also Doe v. Department of State*, 2022 MSPB 38, ¶¶ 8-12 (finding that, when assessing what constitutes a reasonable hourly rate in an attorney fees case, a requesting attorney, when possible, should provide evidence of hourly rates charged by comparable lawyers

in the same community as the requesting attorney who practice litigation before the Board). That specific evidence includes both the fee agreement, AFF, Tab 1 at 20, and the appellant's acknowledgment that these are the attorneys' customary billings rates, AFF, Tab 6 at 26-27. Additionally, there is no evidence that the appellant was charged the lower rates because of his inability to pay. *Cf. Ishikawa v. Department of Labor*, 26 M.S.P.R. 258, 260 (1985) (finding that counsel successfully rebutted the presumption that the agreed-upon rate was the maximum fee awardable by showing that she agreed upon that rate only because of the employee's reduced ability to pay and that her customary fee for similar work was significantly higher). Rather, the retainer agreement provides that the firm has agreed to these rates "based upon the nature and merits of [the appellant's] case, in order to provide [him] with legal services on a matter of public importance." AFF, Tab 1 at 20; *see Caros*, 122 M.S.P.R. 231, ¶ 13.

¶14        In further support of his claim that he should be awarded fees at the higher rates, the appellant points to a provision in the fee agreement which states that "[i]f attorneys' fees are recovered, the fee award will first be applied to any unpaid balance due, then to reimburse me for fees and expenses I have paid the firm for those hours and costs which have been awarded, and any remainder will be retained by the firm." AFF, Tab 1 at 21. The appellant suggests that the word "remainder" in the agreement should be read as the word "portion" in *Tanner v. Department of Defense*, MSPB Docket No. DC-0752-12-0209-A-1, Final Order, ¶ 12 (Aug. 1, 2014), wherein the Board construed a provision in the agreement referring to "the $300 per hour portion of Attorney's fees" to support a finding that the actual fees charged, in the event the appellant prevailed, were at rates of $495 and $505 per hour. *Id.*; PFR File, Tab 1 at 16. Final orders, however, have no precedential value and the Board is not required to follow or distinguish them in future decisions. 5 C.F.R. § 1201.117(c)(2). Even if we were to consider *Tanner*, we would find it distinguishable because, unlike the agreement in this

case, the agreement in that case specifically provided that the appellant would be charged the higher rate, consistent with the *Laffey* Matrix.

¶15    In sum, the appellant has not shown error in the administrative judge's finding that, as in *Caros*, the language in the fee agreement does not provide that the appellant was obligated to pay a higher fee if he prevailed or that he was charged a lower fee based on his inability to pay, AID at 9; *see Caros*, 122 M.S.P.R. 231, ¶¶ 7-13, but rather that he agreed to pay at the lower rates, AFF, Tab 1 at 20, rates he acknowledged were the regular hourly rates charged by the primary attorney and the two senior attorneys, AFF, Tab 6 at 14.

The total number of attorney hours requested, less 6.5, is reasonable.

¶16    The appellant does not, on review, challenge the administrative judge's denial of 6.5 hours of attorney time requested as not reasonably incurred.  PFR File, Tab 1 at 9.  The administrative judge may disallow hours for duplication, padding, or frivolous claims, and impose fair standards of efficiency and economy of time.  *Casali v. Department of the Treasury*, 81 M.S.P.R. 347, ¶ 14 (1999).  Regarding those 6.5 hours, the administrative judge found that 1.5 was due to the attorney's failure to follow her directions, 1.5 was in excess of the time reasonably spent on settlement discussions, 3.1 was due to the attorney's work on a pleading that was not allowed, and .4 was spent on a matter not related to the appeal.  AID at 10.  When, as here, the administrative judge held a hearing on the merits of the underlying appeal, he is in the best position to evaluate the documentation submitted by counsel to determine whether the amount requested is reasonable and the quality of the representation afforded.  *Sprenger v. Department of the Interior*, 34 M.S.P.R. 664, 669 (1987).  The appellant has not provided any new, previously unavailable evidence, and has alleged no legal or procedural error, or abuse of discretion, by the administrative judge in this regard.  We discern no basis upon which to disturb the administrative judge's factual findings regarding the reasonableness of the hours charged.  *Caros*, 122 M.S.P.R. 231, ¶ 19.

¶17     We therefore find no error in the administrative judge's conclusion that the agreed-upon hourly rates, as set forth in the fee agreement, multiplied by the total number of hours requested, less 6.5, yields an initial lodestar amount of $75,531.50.  AID at 10.

A 40% reduction to the lodestar is appropriate to account for the appellant's limited success on appeal.

¶18     The remaining issue for consideration is the appellant's challenge to the administrative judge's decision to reduce the award by 40% based on the appellant's partial or limited success in the merits phase of his Board appeal.  The administrative judge found that, when a party is entitled to an award of attorney fees but did not succeed on every issue, the most important factor to be considered in assessing the reasonableness of a fee award under the lodestar calculation is the results that were obtained, and the Board should consider whether the degree of success warrants an award based on all hours reasonably spent on the litigation and, if not, what adjustment is appropriate.  *Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶¶ 21, 27 (2011); AID at 11-12.

¶19     On review, the appellant argues that, in considering the degree of success, the administrative judge failed to weigh the significance of the relief obtained against the relief sought.  PFR File, Tab 1 at 19.  The Supreme Court stated in *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983), that there is no "precise rule or formula" in making such a determination.  According to the appellant, the only portion of the relief he sought but did not obtain was compensatory damages.  PFR File, Tab 1 at 19-20.  The administrative judge found, however, and the appellant does not dispute, that, notwithstanding, the only charge brought against him was sustained, he did not prevail on either of his affirmative defenses, he suffered the substantial penalty of a 45-day suspension, and he thus was left with a disciplinary record.  AID at 12.  The administrative judge determined that, under the facts and procedural history of this case, a global percentage reduction was more appropriate to account for the appellant's limited degree of success.

AID at 12. Because the administrative judge is in the best position to make this determination, we defer to the exercise of her discretion not to identify specific hours that should be eliminated, but rather to reduce the overall award. *Guy v. Department of the Army*, 118 M.S.P.R. 45, ¶ 20 (2012). We also defer to her decision to impose a 40% reduction to reflect the appellant's limited success. *Smit v. Department of the Treasury*, 61 M.S.P.R. 612, 619 (1994) (holding that, when a percentage reduction is appropriate, it is the administrative judge who is in a better position to determine the appropriate amount of the deduction).

¶20     The appellant correctly argues on review that the administrative judge failed to consider current post-*Hensley* case law on the issue of when it is appropriate to impose a downward adjustment to the lodestar calculation. PFR File, Tab 1 at 22-24; Tab 6 at 4-6, 9-11. We do so now. In addressing the issue of downward adjustment, the Court, post *Hensley*, has cautioned against "double counting" factors by adjusting the lodestar figure when the results obtained are fully reflected in the reasonable hourly rate of the attorneys and the reasonable numbers of hours expended. *Blum v. Stenson*, 465 U.S. 886, 899-900 (1984). In *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552-53 (2010), the Court reaffirmed that adjustment of the lodestar may be made only in "rare" and "exceptional" circumstances, and that adjustments are warranted only when the lodestar figure fails to take into account a relevant consideration that is not subsumed therein.

¶21     Here, the lodestar figure, which the administrative judge granted almost in its entirety and which we have not disturbed, does not take into account the claims upon which the appellant did not prevail, or the fact that the sole charge against him was sustained and that he suffered the substantial penalty of a 45-day suspension, leaving him with a disciplinary record. Because the lodestar does not take these matters into consideration, we find that this case presents an exceptional circumstance such that the factor "amount involved and results obtained" should be considered as an independent basis for departure from the

lodestar figure. *Bywaters v. United States*, 670 F.3d 1221, 1230 (Fed. Cir. 2012). As such, post-*Henley* case law supports our deferring to the administrative judge's determination to impose a downward adjustment of 40%, resulting in a fee award of $45,318.90. Our decision regarding this matter is unaffected by the administrative judge's initial decision in *Sarkis* or by the U.S. Court of Appeals for the Federal Circuit's decision in *Howard v. Department of the Air Force*, 673 F. App'x 987 (Fed. Cir. 2016), as the agency urges. PFR File, Tab 1 at 22, 24; Tab 6 at 5-7. As noted, initial decisions are not precedential, *Roche*, 110 M.S.P.R. 286, ¶ 13, and neither are unpublished decisions of the Federal Circuit's. *Bell v. Department of the Treasury*, 54 M.S.P.R. 619, 629 n.10 (1992).

¶22     In sum, we find that the appellant has not shown error in the administrative judge's decision awarding him $45,558.36 in attorney fees and costs.[5]

## ORDER

¶23     We ORDER the agency to pay the attorney of record $45,558.36 in fees and costs. The agency must complete this action no later than 20 days after the date of this decision. Title 5 of the United States Code, section 1204(a)(2) (5 U.S.C. § 1204(a)(2)).

¶24     We also ORDER the agency to tell the appellant and the attorney promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant and the attorney to provide all necessary information that the agency requests to help it carry out the Board's Order. The appellant and the attorney, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶25     No later than 30 days after the agency tells the appellant or the attorney that it has fully carried out the Board's Order, the appellant or the attorney may file a

---

[5] The appellant has not challenged on review the administrative judge's finding that he is entitled to $239.46 in costs, AID at 13, and we discern no basis upon which to disturb that finding.

petition for enforcement with the office that issued the initial decision on this appeal, if the appellant or the attorney believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant or the attorney believes the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. *See* 5 C.F.R. § 1201.182(a).

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                        /s/ for

                                                     Jennifer Everling
                                                     Acting Clerk of the Board
Washington, D.C.